ALD-246                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2362

_____

IN RE:  EVARISTO SERRANO-VARGAS,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to 3-17-cv-00801)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 25, 2019
Before:  MCKEE, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 30, 2019)

_____

OPINION*

_____

PER CURIAM

Petitioner Evaristo Serrano-Vargas, a citizen of Mexico, is currently a detainee with

the United States Immigration and Customs Enforcement (ICE).  His petition for

review of a final order of removal is pending with this Court.  In May 2018, the United

States District Court for the Middle District of Pennsylvania ordered the immigration court

to conduct a bond hearing to determine whether Serrano-Vargas's detention should be

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

continued.  The Immigration Judge (IJ) determined that the Department of Homeland Security had shown by clear and convincing evidence that Serrano-Vargas poses a danger to the community and is a significant flight risk.  The IJ found that Serrano-Vargas was properly detained and, therefore, declined to set bond.  In October 2018, Serrano-Vargas filed a "Motion to Enforce Prior Order" in the District Court, arguing that the IJ had not conducted a legally sufficient individualized bond hearing in violation of Serrano-Vargas's due process rights.

On June 14, 2019, Serrano-Vargas filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 with this Court, alleging extraordinary delay in the adjudication of his motion to enforce.  Subsequently, in a memorandum and order entered July 10, 2019, the District Court denied the motion to enforce, finding that Serrano-Vargas's due process rights had not been violated.  Accordingly, because he has obtained the relief he requested, the mandamus petition will be dismissed as moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).